UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARY PETTIS,** | ) | |
| | ) | |
| **Plaintiff;** | ) | |
| | ) | |
| vs. | ) | No.: 06 C 777 |
| | ) | |
| **VILLAGE OF RIVERDALE; and** | ) | **Judge Filip** |
| Riverdale Police Officers | ) | Magistrate Judge Cole |
| **JOHN GIROUX Star 121;** | ) | |
| **JOSEPH CICCHIRILLO, Star 215;** | ) | |
| **FRANK NAWOSKI, Star 111;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Village of Riverdale, in its official capacity, and Officer Giroux, Sergeant Cicchirillo, and Officer Nawoski, in their individual capacities, by their attorneys Tribler Orpett & Meyer, P.C., move for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). In support of their Motion, Defendants state the following:

1. Plaintiff filed a First Amended Complaint alleging the following causes of action pursuant to Section 1983: Count I - Unreasonable Seizure, Count II - Excessive Force, Count III - Failure to Protect, and Count IV - *Monell*. Plaintiff also asserts a pendent state claim for Indemnification in Count V. Plaintiff's unreasonable seizure claim is directed against Sgt. Cicchirillo. Plaintiff's *Monell* claim is directed against the Village of Riverdale. (*See* Statement of Material Facts "hereinafter SOMF", para. 1.)

2. Sgt. Cicchirillo is entitled to summary judgment as to Plaintiff's unreasonable seizure claim because his actions were reasonable based upon the circumstances and did not violate Plaintiff's Fourth Amendment Rights. *See Terry v. State of Ohio*, 392 U.S. 1 (1968).

3. Alternatively, Sgt. Cicchirillo is entitled to qualified immunity and is immune from Plaintiff's unreasonable seizure claim. *Saucier v. Katz,* 533 U.S. 194 (2001).

4. Plaintiff's unreasonable seizure claim is also barred pursuant to *Heck v. Humphrey* based upon her arrest and conviction for resisting a peace officer. *See Heck v. Humphrey* 512 U.S. 477 (1994).

5. The Village of Riverdale is also entitled to summary judgment as to Plaintiff's *Monell* claim because there is no evidence that a Village official policy or custom violated Plaintiff's constitutional rights and was the "moving force" behind any alleged violation. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).

6. Defendants have filed herewith a copy of their Memorandum in support of this Motion.

WHEREFORE, Defendants Village of Riverdale, in its official capacity, and Officer Giroux, Sergeant Cicchirillo, and Officer Nawoski, in their individual capacities, respectfully request that this Honorable Court enter an Order granting them summary judgment as to the following claims contained in Plaintiff's First Amended Complaint: Count I - Unreasonable Seizure and Count IV - *Monell,* and award costs and fees.

    Respectfully submitted,

    s/ William B. Oberts_____
    One of the attorneys for Defendants

Michael J. Meyer, Esq., 06193712
William B. Oberts, Esq., 06244773
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street. Suite 1300
Chicago, Illinois 60606
(312) 201-6400
wboberts@tribler.com

## **CERTIFICATE OF SERVICE**

The undersigned attorney states that a copy of Defendants' Motion for Summary Judgment was served upon the following on January 14, 2008:

>Lawrence V. Jackowiak, Esq.
>Law Offices of Lawrence V. Jackowiak
>33 North LaSalle Street, Suite 2700
>Chicago, Illinois  60602
>
>(by electronic service via the Court's ECF System)

/s/  William B. Oberts
_____
One of the attorneys for Defendants

Michael J. Meyer, Esq., 06193712
William B. Oberts, Esq., 06244773
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street. Suite 1300
Chicago, Illinois 60606
(312) 201-6400
wboberts@tribler.com